UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | 1:10-CR-28 |
| ) | *Collier / Lee* |
| JAMES PARKER, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant James Parker's ("Defendant") motion to self-report to place of confinement for service of sentence [Doc. 36]. The Government filed a response in opposition to the motion [Doc. 37]. The parties, through counsel, agreed the facts were undisputed and a hearing was not necessary. For the reasons below, Defendant's motion will be **DENIED**.

## I. BACKGROUND

Defendant was indicted on February 23, 2010, and released on an unsecured bond on March 2, 2010. He remained on bail without incident until July 22, 2010, when he pleaded guilty to distribution of cocaine powder in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and possession of a shotgun during a drug trafficking crime in violation of 18 U.S.C. § 924(c). At the time of his change-of-plea hearing, Mr. Parker did not ask the Court to allow him to remain on bail, and he was taken into custody under the mandatory detention statue.

The facts are undisputed: Defendant suffers from depression and his confinement pending his sentencing hearing exacerbated his condition. On November 2, 2010 he attempted suicide while in custody at the jail. At Defendant's request, his December 2, 2010 sentencing hearing was postponed in order to obtain a local mental evaluation. The Court set a new sentencing date of

January 13, 2011, which was reset to February 24, 2011, because of adverse weather conditions.

Defendant seeks release from custody after sentencing so that he can bond with his infant daughter, strengthen his family ties, and help his wife prepare for his coming imprisonment. When he pleaded guilty, Defendant had just learned that his newborn daughter would not require heart surgery. In view of the relief he felt over his baby's improved condition, Defendant believed there were no extraordinary circumstances to warrant his remaining on bond pending sentencing. Now, however, Defendant and his family believe that he, his wife, and his daughter would benefit from his requested release.

## II. ANALYSIS

The question presented is whether Defendant is eligible for release under 18 U.S.C. § 3145(c). Under that provision, a defendant may be eligible for release if he can show "exceptional reasons why [his] detention would not be appropriate." *Id.*; *United States v. Christman*, 596 F.3d 870, 870-71 (6th Cir. 2010) (remanding for consideration of exceptional reasons). Before a court may even consider whether exceptional reasons are present, the defendant must show by clear and convincing evidence that he is not likely to flee or pose a danger to the community. 18 U.S.C. § 3145(c) (incorporating the requirements of § 3143(a)(1)).

The Court **FINDS** that Defendant has not shown by "clear and convincing" evidence that he is not likely to flee or pose a danger to the community. Defendant suffers from Major Depressive Disorder and has already attempted suicide while in custody. Such evidence does not support Defendant's cause, let alone provide clear and convincing evidence that he would not attempt to harm himself (and possibly others) or flee prior to reporting to serve a potentially very long period of incarceration.

Even if the Court were to find otherwise, however, Defendant has not shown the exceptional reasons necessary to grant his release. "Exceptional reasons" are not defined by the statute, but they delineate a subset of persons who would otherwise be subject to mandatory detention under § 3143. Courts should take care, therefore, that the *exception* to mandatory detention "does not swallow the general rule." *United States v. Christman*, 712 F. Supp. 2d 651, 654 (E.D. Ky 2010) (on remand). The court has broad discretion to determine whether exceptional reasons justify release, *United States v. Lea*, 360 F.3d 401, 403 (2d Cir. 2004); *United States v. Garcia*, 340 F.3d 1013, 1018 (9th Cir. 2003), but the burden to show such reasons falls on the defendant. "[E]ven exceptional reasons w[ill] not justify release if they are based on nothing more than probability, conjecture, intuition or speculation." *Christman*, 712 F. Supp. 2d at 654. Instead, "exceptional reasons must be 'clearly shown' to render the person's detention inappropriate." *Id.* (quoting 18 U.S.C. § 3145(c)).

Courts have found that chronic medical conditions are not exceptional reasons justifying release. *E.g.*, *United States v. Lieberman*, 496 F. Supp. 2d 584, 587 (E.D. Pa. 2007) (defendant seeking experimental treatment for paraplegia); *United States v. Bloomer*, 791 F. Supp. 100, 102 (D. Vt. 1992) (Bell's palsy). An acute need for medical care, on the other hand, may justify release. *See United States v. Spigner*, 416 F.3d 708, 713 (8th Cir. 2005) (noting that the trial court allowed the defendant to remain free due to his need for dialysis treatment and surgery); *Garcia*, 340 F.3d at 1019-20 (instructing the trial court to consider whether the defendant's illness was "sufficiently grave, or if his course of treatment [wa]s such that detention should properly be withheld"). Courts have also found personal and familial hardships are not exceptional reasons justifying release. *E.g. United States v. Cook*, 42 F. App'x 803 (6th Cir. 2002); *Christman*, 712 F. Supp. 2d at 656.

The Court **FINDS**, based on the undisputed facts, that Defendant has failed to show

exceptional reasons justifying release pending (or post) sentencing. Defendant's wife is concerned for her husband's welfare, and the Court sympathizes with her concerns, but Defendant has not met his burden to show that his medical, personal, or familial needs are "exceptional reasons" justifying his release.

### III. CONCLUSION

Accordingly, Defendant's motion for release [Doc. 36] must be **DENIED**.

SO ORDERED.

ENTER:

*s/ Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE